SKAGGS *v*. PRINCE.

Opinion delivered April 23, 1928.

1. DESCENT AND DISTRIBUTION—FAMILY SETTLEMENT.—Where all of the heirs took possession in severalty of the portions assigned to them in a partition proceeding, such partition is enforceable as a family settlement, notwithstanding irregularities therein.

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— Where the finding of a chancellor on the question of fact was not clearly against the preponderance of the evidence, it is conclusive on appeal.

Appeal from Randolph Chancery Court; *Alvin S. Irby*, Chancellor; affirmed.

*John L. Bledsoe*, for appellant.

*Walter L. Pope*, for appellee.

SMITH, J. At the trial in the court below from which this appeal comes a voluminous record was made. Numerous pleadings were filed, and a large amount of evidence was taken, but, stripped of all superfluities, the question involved is the correct location of the boundary line

between tracts of land owned by appellant and appellee, respectively.

J. H. Skaggs owned a tract of land in Randolph County, adjacent to Black River, incident to which was a ferry across that stream. Skaggs died, childless and intestate, in 1895, and was survived by his widow and six brothers and sisters. The land was an original acquisition, and a partition was made between the widow and these heirs, and the heirs received the part of the land to which the ferry was attached.

In 1897 a suit was brought by certain of these collateral heirs against the others, in which a partition was prayed among them of the portion of the J. H. Skaggs estate which they had received upon the partition of that estate with the widow of J. H. Skaggs. A judgment ordering the partition of the lands among the collateral heirs was rendered in the Randolph Circuit Court, and B. B. Raglin was appointed commissioner to make the partition. Pursuant to this judgment, Raglin, as commissioner, executed deeds to the collateral heirs in severalty to the lands assigned them, respectively, one of these deeds being to the plaintiff, W. L. Skaggs, and another to J. M. Skaggs. The lands assigned and deeded to these brothers of the intestate J. H. Skaggs were coterminous, and were divided by a road known as the Skaggs Ferry Road, so that this road formed the east boundary line of the W. L. Skaggs land and the west boundary line of the J. M. Skaggs land, and was referred to in the commissioner's deeds to them as constituting their east and west boundary lines, respectively.

J. M. Skaggs died intestate, and was survived by two children, Mrs. Lavada Holman and Mrs. Rosa Webb. Mrs. Holman conveyed her interest in the land to her sister, Mrs. Webb, who later conveyed the interest which she had purchased, as well as that which she had inherited, to Oscar Prince, who thus became the owner of the interest which J. M. Skaggs had taken upon the partition by the collateral heirs.

W. L. Skaggs brought this suit against Prince, alleging the facts above stated, and made all persons whose interests have been herein referred to parties. In this suit he prayed the reformation of the deeds of the commissioner, Raglin, both to himself and to his intestate brother, J. M. Skaggs, alleging that both deeds were indefinite, in that the east boundary of one tract and the west boundary of the other was a road, the location of which was not only indefinite, but the said road had been moved to the west, thereby encroaching upon lands assigned to plaintiff, W. L. Skaggs, upon the partition. It was alleged that defendant Prince had thus acquired possession of a strip of land belonging to the plaintiff, and the purpose of the suit was to recover possession of this strip.

Plaintiff himself criticises the partition proceeding under which he acquired his own deed, and the reformation of this deed is one of the grounds assigned for equitable relief.

We do not consider the objections made to the partition proceeding, for, whatever irregularities there may have been in that proceeding, it is enforceable as a family settlement, for all of the heirs have taken in severalty the portions assigned them, and if the exact and definite location of the Skaggs Ferry Road was known and established as it existed at the time of the partition, that fact would settle this litigation, as both parties claim that line as their true boundary.

There was no motion to transfer this cause to the law docket, and of all the persons made parties to this suit appellee Prince was the only one to file an answer or other pleading, as the other parties were correctly of the opinion that their own rights would not be affected by any relief granted or denied to the appellant-plaintiff, W. L. Skaggs.

As the commissioner's deed made the Skaggs Ferry Road the boundary between the W. L. Skaggs tract and the J. M. Skaggs tract, the controlling question of fact

in this case is the location of this road at the time these deeds were executed.

The court below found that the plaintiff, W. L. Skaggs, was not entitled to the possession of the strip of land sued for, and dismissed his complaint as being without equity, and this appeal is from that decree.

This finding of fact by the court was necessarily predicated upon the coincident finding that there had been no material change in the location of the Skaggs Ferry Road since the date of the execution of the partition deeds. It was essential to a recovery on the part of the plaintiff that the testimony show that this road had been moved to the west of its original location, otherwise the defendant could not have acquired any portion of the plaintiff's land. This road was never at any time straight, nor does its width appear to have been always unvarying; in fact, the traffic did not always travel a beaten, defined path. Consequently the testimony is in irreconcilable conflict as to the exact location of the road in 1917, when the commissioner's deeds of partition were executed.

The testimony on the part of the plaintiff is to the effect that the defendant, by clearing his land and building his fence to include the clearing, has moved the road westward so that a portion of plaintiff's land was thereby taken; but a number of witnesses, who appear to be and to have been equally familiar with this road during the time in which it was alleged to have been moved, testified that the road had not been moved to the west, and that its present location is substantially identical with its location in 1917.

We think no useful purpose would be served in reviewing this testimony, and, after carefully considering it, we are left in doubt as to the fact in issue, and, as we are unable to say that the finding of the chancellor on this question of fact is clearly against the preponderance of the evidence, it becomes our duty to affirm the decree appealed from. *Leach* v. *Smith*, 130 Ark. 465, 197 S. W. 1160.

The decree is therefore affirmed.